IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRIS GEBHARDT,

    Plaintiff,

vs.

STATE OF CALIFORNIA, et al.,

    Defendants.

_____/

No. 2:12-cv-1972 EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, a prisoner with three "strikes," meaning prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed as frivolous, malicious, or for failure to state a claim, cannot proceed in forma pauperis. *Andrews v. King*, 398 F.3d 1113, 1116

1

n.1 (9th Cir. 2005). In determining whether an action was dismissed because it was frivolous, malicious or failed to state a claim, the court must carefully evaluate the dismissal order and other relevant information. *Id.* at 1121; *see also Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011) (whether dismissal order counts as a strike depends on "reasonable interpretation" of order); *O'Neal v. Price*, 531 F.3d 1146, 1153-55 (9th Cir. 2008) (disposition of complaint, either with or without prejudice, constitutes a "dismissal" for purposes of section 1915(g)).

On at least four prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1] *See* (1) *Gebhardt v. State of California*, Case No. 2:08-cv-03221-UA-JTL (C.D. Cal.) (dismissed May 23, 2008 for failure to state a claim because defendants immune from suit); (2) *Gebhardt v. State of California*, Case No. 2:08-cv-06284-UA-DUTY (C.D. Cal.) (dismissed October 3, 2008 for failure to state a claim and as frivolous); (3) *Gebhardt v. State of California*, Case No. 5:09-cv-01596-UA -JEM (C.D. Cal.) (dismissed September 22, 2009 as frivolous); and (4) *Gebhardt v. State of California*, Case No. 5:10-cv-01654-UA-JEM (C.D. Cal.) (dismissed November 29, 2010 as frivolous, malicious, or for failure to state a claim, with notation that dismissal may constitute a "strike," and designating plaintiff a three strikes litigant under 28 U.S.C. § 1915(g)).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing.); *id.* at 1057 n.11 ("[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful[ ] when they are supported

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

by implausible or untrue allegations that the ongoing practice has produced past harm"). The complaint concerns the prison's alleged use of "a reverse psychological method" in processing administrative appeals to contain corruption, to protect a gender bias, and to retaliate against inmates. Dckt. No. 1 at 4. Plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply.

Accordingly, it is hereby ORDERED that the Clerk shall randomly assign a United States District Judge to this action.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* (Dckt. No. 6) be denied; and

2. This action be dismissed without prejudice to re-filing upon pre-payment of the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 5, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE